# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>    vs.<br><br>RAUL RUBIO-BERNAVE,<br><br>                          Defendant. | CASE NO. 09-CR-2481 MMA<br><br>[Related Civ. Case. No. 10-CV-2519]<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>[Doc. No. 27] |

      On December 12, 2010, Raul Rubio-Bernave ("Petitioner") filed a Motion to Reduce Federal Sentence, presumably pursuant to 28 U.S.C. section 2255 or 18 U.S.C. section 3582(c)(2). [Doc. No. 27.] Petitioner requests a downward departure based on his cultural assimilation. For the following reasons, Petitioner's Motion to Reduce Federal Sentence is **DENIED**.

## BACKGROUND

      On August 5, 2009, pursuant to a written plea agreement, Petitioner pled guilty to Count 1 of the Information charging him with knowingly and voluntarily re-entering the United States after previously being deported as an alien in violation of 8 U.S.C. section 1326. [*See Plea Agreement,* Doc. No. 13.] This Court sentenced Petitioner on August 3, 2009, to 37 months imprisonment, and 3 years of supervised release. [*See Judgement,* Doc. No. 25.]

/ / /

# DISCUSSION

A sentencing court is authorized to "vacate, set aside or correct the sentence" of a federal prisoner if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Claims for relief under section 2255 must be based on constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979). Additionally, the scope of collateral attack is much more limited than on direct appeal. *United States v. Addonizio*, 442 U.S. 178, 184-85 (1979).

Under section 2255, if a petitioner's motion, file, and records "conclusively show that the movant is entitled to no relief," the court summarily may dismiss the motion without sending it to the United States Attorney for response or holding an evidentiary hearing. *See* 28 U.S.C. § 2255(b). Also, where a petitioner's allegations fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal," the court is not required to hold an evidentiary hearing. *See* Id.; *United States v. Meija-Mesa*, 153 F.3d 925, 931 (9th Cir.1998). Moreover, a defendant may waive his right to file a section 2255 motion to challenge his sentence, if he does so expressly. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000).

Here, Petitioner's plea agreement states in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

[*Plea Agreement* ¶ 12, Doc. No. 13.]

In his written plea agreement, Petitioner expressly waived his right to appeal or collaterally attack his conviction and sentence. The Ninth Circuit approves such waivers on public policy grounds, reasoning that finality is "perhaps the most important benefit of plea bargaining." *United States v. Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990). Courts will generally enforce a defendant's plea agreement waiver of his right to appeal if: (1) "the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal," and (2) "the

1  waiver is knowingly and voluntarily made." *United States v. Martinez*, 143 F.3d 1266, 1270-71

2  (9th Cir. 1998). The record demonstrates both of these requirements are met in this case.

3  Accordingly, Petitioner's motion is barred and must be dismissed because of his plea agreement

4  waiver.

5        Even if Petitioner had not expressly waived his right to appeal or collaterally attack his

6  sentence, his petition would fail on the merits. Petitioner argues that based on cultural

7  assimilation, this Court should reduce his sentence. However, the Ninth Circuit has held that

8  downward departures based on cultural assimilation are only appropriate in "extraordinary

9  circumstances." *See United States v. Rivas-Gonzalez*, 384 F.3d 1034, 1045 (9th Cir. 2004)

10  (finding no grounds for downward departure based on cultural assimilation where defendant first

11  came to the United States at age twenty-one and had economic rather than cultural motives).

12        Here, Petitioner's ties are insufficiently "extraordinary" to warrant a downward departure.

13  Petitioner first entered the United States at age sixteen. Similar to the defendant in *Rivas-*

14  *Gonzalez* who also entered the United States well after his childhood years, Petitioner "*has* known

15  another home outside the United States." *Id.* (emphasis in original). Although Petitioner resided

16  in the United States for eleven years, he has extensive ties to Mexico because almost all of his

17  family lives in Mexico including his parents, former wife and daughter, siblings, and extended

18  family. He concedes he was deported after committing two driving under the influence incidents,

19  and a felony conviction for domestic violence in violation of Penal Code section 273.5(A).

20  Petitioner contends he re-entered the United States to visit a son who lives in California. When he

21  made the decision to re-enter the United States, however, he decided he would "stay and earn a

22  little money by working in the construction business." [Doc. No. 27.] Petitioner's decision to stay

23  in the United States to earn money creates an inference that he was motivated in part by economic

24  reasons. Petitioner's circumstances do not amount to "extraordinary circumstances" of cultural

25  assimilation. Accordingly, even if Petitioner had not waived his right to attack his sentence, a

26  downward departure would not be warranted here.

27        To the extent Petitioner's motion seeks a reduced sentence pursuant to 18 U.S.C. section

28  3582(c)(2), no grounds for reduction are available here. "The [Sentencing Reform Act] charges

the Commission both with deciding whether to amend the Guidelines, [28 U.S.C.] § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u)." *Dillon v. U.S.*, 130 S.Ct. 2683, 2691-91 (2010). Therefore, a court's power to reduce a sentence under section 3582(c)(2) "depends in the first instance" not only on whether the Guidelines have been amended, but on whether the Sentencing Commission has made the amendment retroactive. *Id.* (footnote omitted).

Here, Petitioner's motion is based upon an amendment under Sentencing Guidelines section 2L1.2 (Unlawfully Entering or Remaining in the United States). The Commission added an amendment to the section 2L1.2 Commentary Application Note ("Note") to address when a downward departure may be appropriate based on the defendant's cultural assimilation to the United States. The amendment provides that, in addition to the list of non-exhaustive factors a court should consider, a departure based on cultural assimilation may be appropriate if:

> (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.

U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. app. n. 8. (2010). The Commission provided the additional considerations to "promote uniform consideration of cultural assimilation by courts." *See id*. The amendment does not reduce a sentencing guideline range, nor is it retroactive. Accordingly, insofar as Petitioner's motion seeks a sentencing reduction under section 3582(c)(2), the motion is denied.

## CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Petitioner's Motion to Reduce Federal Sentence. [Doc. No. 27.]

**IT IS SO ORDERED.**

DATED: April 4, 2011

*/s/ Michael M. Anello*
Hon. Michael M. Anello
United States District Judge